# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT HILSON,                                  Case No. 1:17-cv-829

    Plaintiff,                          Barrett, J.
                                                 Bowman, M.J.

      v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Robert Hilson filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non- disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

## I. Summary of Administrative Record

In February 2014, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging a disability onset date of February 12, 2014, due to mental and physical impairments. (Tr. 214, 235). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On March 24, 2016, ALJ Thuy-Anh T. Nguyen held a hearing at which Plaintiff appeared with counsel. (Tr. 57-117). The ALJ heard testimony from Plaintiff and an impartial vocational expert. On July 7, 2016, the ALJ denied Plaintiff s application in a written decision. (Tr. 43-52). Plaintiff now seeks judicial review of the denial of his application for benefits.

Plaintiff was 40 years old at the time of the administrative hearing. He completed the Eleventh grade and has past relevant work as a delivery driver and bill collector. He alleges disability since February 2014 due to a combination of impairments.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: cardiovascular disease, cardiomyopathy, obstructive sleep apnea, hypertension, chronic kidney disease, and obesity. (Tr. 46). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> He can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to humidity, fumes, odors, dusts, gases and poor ventilation. He cannot do any driving jobs and should avoid all exposure to hazards including unprotected heights and work around dangerous, moving machinery. He would be off task eight percent of the workday.

(Tr. 48). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is able to perform his past relevant work as a bill collector. Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) finding that Plaintiff's depression was not a severe impairment; 2) improperly evaluating Plaintiffs sleep apnea; and 3) finding that Plaintiff

could perform his past relevant work. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIS a claimant must be under a "disability" within the definition of the Social Security Act. See 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIS and SSI. See *Bowen v. City of New York,* 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. See *Bowen,* 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary 's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work , the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See* Combs *v. Commissioner of Soc. Sec.,* 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. §423(d)(1 )(A).

**B. The ALJ's Decision is substantially supported**

*1. Step-two finding*

Plaintiff first argues that the ALJ erred in failing to find that his depression was a severe impairment. Plaintiff's contention lacks merit.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404. 1521(b). Plaintiff is not required to establish total disability at this level of the sequential evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.,* 736 F.2d 352, 357 (6th Cir.1984). An impairment will be considered non-severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H.S.*, 773 F.2d 85, 90 (6th Cir.1985) (citing *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)). The severity requirement is a "de minimus hurdle" in the sequential evaluation process. *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988). See *also Rogers v. Commissioner,* 486 F.3d 234, 243 n. 2 (6th Cir.2007).

Here, at step-two of the sequential evaluation, the ALJ found Plaintiff's cardiovascular disease, cardiomyopathy, obstructive sleep apnea, hypertension, chronic kidney disease, and obesity were severe impairments. (Tr. 46). With respect to Plaintiff's

depression, the ALJ noted that Plaintiff testified that he had been taking an antidepressant and was feeling "more chipper." (Tr. 47, 83). The ALJ recognized that Plaintiff was diagnosed with depression and prescribed an antidepressant, yet, the record contained no other evidentiary support for Plaintiff's claim that his depression was a severe impairment.

In addition, Plaintiff has offered no evidence to rebut the ALJ's findings and/or to establish that his depression limited his ability to perform work activity. It is well established that the mere existence of an impairment, however, does not establish that Plaintiff was significantly limited from performing basic work activities for a continuous period of time. *Despins v. Commissioner of Social Security,* 257 F. App'x 923, 930 (6th Cir. 2007) (citing *Higgs v. Bowen,* 880 F. 2d 860, 863 (6th Cir. 1988)). When the record does not contain any reports, doctor statements or other information regarding a plaintiff's physical limitations or the intensity, frequency, and duration of pain associated with a condition, the Sixth Circuit has regularly found substantial evidence to support a finding of no severe impairment. *See Long v. Apfel,* 1 F. App'x 326, 331 (6th Cir. 2001) (citing *Higgs,* 880 F.2d at 860; *Maloney v. Apfel,* No. 99-3081, 2000 WL 420700 (6th Cir. Apr. 14, 2000).

More importantly, even if the ALJ erred in not finding Plaintiff's depression to be a "severe" limitation, such error was harmless. This is because the regulations require that if one "severe" impairment exists, all impairments-severe or otherwise- must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one

severe impairment and continues to address each impairment in determining the claimant's RFC. *Meadows v. Comm'r of Soc. Sec.,* No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio 2008) (citing *Maziarz v. Secy of Health* & *Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987)). Here, as more fully explained below, the ALJ's decision indicates that he properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining his RFC. Accordingly, the undersigned finds that substantial evidence supports the ALJ's decision in this regard.

### 2. Listing 3.10

Plaintiff next argues that the ALJ erred in determining that Plaintiff's sleep apnea failed to meet or equal Agency Listing 3.10. Specifically, Plaintiff argues that the "objective medical evidence" shows that he suffered from sleep apnea and organic mental disorders and the ALJ was therefore required to analyze whether Plaintiff met Listing 3.10. He further argues that the ALJ should have analyzed whether his depression met or equaled Listing 12.02, "Organic Mental Disorders," which, as explained directly above, is cross-referenced by Listing 3.10. *Id.* Plaintiff's contention lacks merit.

Plaintiff bears the burden of proving that his impairments meet or equal a listed impairment. *Sullivan v. Zebley,* 493 U.S. 521, 532, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet this burden, Plaintiff must put forth evidence establishing that he meets all of a listing's criteria. *Elam ex rel. Golay v. Comm'r of Soc. Sec.,* 348 F.3d 124, 12 (6th Cir. 2003) (citing 20 C.F.R. § 416.924(a); *Hale v. H.H.S.,* 816 F.2d 1078,1083 (6th Cir 1987)). Plaintiff may also demonstrate disability by establishing that his "impairments are equivalent to a listed similar listed impairment by presenting 'medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *Foster v. Halter,* 279

F.3d 348, 355 (6th Cir. 2001) (quoting *Sullivan,* 493 U.S. at 531). Regardless, a claimant's self-described symptoms cannot support a finding that a listing is met or equaled, but instead "[t]his decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques." *Land v. Sec'y of H.H.S.,* 814 F.2d 241, 245 (6th Cir. 1986) (citing 20 C.F.R. § 404 .1526(b)). The ALJ reasonably found that the necessary objective medical evidence for listing 3.10 was not present in the record. (Tr. 47).

At the time the ALJ issued her decision, sleep-related breathing disorders, such as sleep apnea, were evaluated under Listing 3.10. See POMS DI 34123.009. Listing 3.10 explained that sleep-related breathing disorders were to be evaluated under Listing 3.09 (chronic cor pulmonale) or 12.02 (organic mental disorders). *Id.* The Commissioner explained in Section 3.00(H) of Listing 3.10 that sleep-related breathing disorders, such as sleep apnea, caused daytime sleepiness with disturbances in cognitive function for some people. *Id.* The Commissioner further explained that daytime sleepiness could affect memory, orientation, and personality; therefore, a longitudinal treatment record may be needed to evaluate mental functioning. *Id.* Here, the ALJ determined that listing is not met because Plaintiff does not have clinical evidence of cor pulmonale, as documented by listing 3.09, or psychological or behavioral abnormalities associated with a dysfunction of the brain, as documented by listing 12.02. The ALJ's decision is substantially supported in this regard.

As noted above, the ALJ determined that Plaintiff did not meet Listing 3.10, sleep-related breathing disorders, because he did not have evidence of cor pulmonale (pulmonary heart disease) under Listing 3.09 or psychological or behavioral abnormalities

associated with a dysfunction of the brain as documented by Listing 12.02. (Tr. 47). Plaintiff does not dispute that the ALJ's finding relating to the existence of cor pulmonale, but appears to argue that the record establishes that he suffers from sleep apnea and organic mental disorders. Plaintiff s argument is misplaced.

As noted by the Commissioner, Plaintiff confuses the listings by conflating the depression listing (12.04) with the organic mental disorders listing (12.02). Notably, in order to meet Listing 12.02, Plaintiff had to demonstrate the loss of cognitive abilities or affective changes and one of the following: 1) disorientation to time and place; 2) memory; 3) perceptual thinking; 4) change in personality; 5) mood disturbance; 6) emotional lability and impairment in impulse control; or 7) loss of at least 15 I.Q. points. See POMS DI 34132.009, _https://secure.ssa.gov/poms.nsf/lnx/0434132009._[1] Plaintiff must also demonstrate marked restriction in two of the following: activities of daily living; social functioning; maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. Plaintiff has failed to produce any evidence and/or argument that his depression meets the listing requirements.

Additionally, with respect to sleep apnea, Plaintiff also argues that the ALJ failed to properly weigh the evidence related to his subjective complaints relating to his sleep apnea. However, as noted by the Commissioner, the ALJ evaluated the record evidence and indicated that the objective medical evidence was inconsistent with Plaintiff's allegations of pain, shortness of breath, and fatigue.   (Tr. 49).  *See* 20 C.F.R. 404 .1529(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making

---

[1] This version of Listing 12.02 was in effect when the ALJ issued her decision in July 2016.  The listing changed in September 2016.

reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."). Notably, the ALJ indicated that Plaintiff was not compliant with his CPAP machine and it was taken away for noncompliance. (Tr. 51). Moreover, contrary to Plaintiff's assertions, the record reflects that the ALJ discussed Plaintiff's testimony and reasonably determined that his allegations of fatigue were not as severe as alleged. The ALJ acknowledged Plaintiff's claims of fatigue, including his claim that he could no longer work or drive due to his sleep apnea. (Tr. 48). She noted that Plaintiff estimated that he could walk up to 1/8 of a mile, but needed to then rest up to 30 minutes. (Tr. 48, 85). She further noted that Plaintiff testified that he did not sleep well and that his sleep apnea worsened his heart condition. Id. She reported that Plaintiff testified that he could lift up to 30 pounds. (Tr. 48). The ALJ concluded that Plaintiff's medical records failed to show significant and ongoing physical manifestations of his impairments that would show greater restrictions than those found in the RFC. (Tr. 50).

In light of the foregoing, the undersigned finds that the ALJ properly considered Plaintiff's subjective complaints associated with his sleep apnea. As such, the ALJ's decision should not be disturbed in this regard.

### 3. *Past relevant work*

Plaintiff's final assignment of error asserts that the ALJ improperly determined that he was capable of performing light work and was therefore capable of performing his past relevant work as a bill collector. In this regard, Plaintiff contends that the ALJ's RFC assessment improperly gave "significant weight to the assessments and opinions from the State agency medical consultant who reviewed the record and opined that the

claimant retains the residual functional capacity for less than the full range of light exertional work. (Exhibit 5A)". (Doc. 8).

Again, Plaintiff's contention is misplaced. As outlined by the Commissioner, assuming arguendo that the ALJ should have adopted the findings of the state agency physicians' opinions, Plaintiff still would have been able to perform his past relevant work. Notably, at the administrative hearing, the ALJ asked the vocational expert a hypothetical question based upon the same limitations found by the state agency physicians. (Tr. 108). In response to the hypothetical, the vocational expert testified that Plaintiff would be precluded from performing his past relevant work as a bill collector according to the DOT, but could perform the work of a bill collector as he previously performed the job. *Id.* The VE testified that Plaintiff previously performed the job at the sedentary exertional level. (Tr. 103).

More importantly, the ALJ's decision indicates that he properly weighed the record evidence, properly incorporated Plaintiff's limitations in the hypothetical questions to the vocational expert, and properly determined that Plaintiff was capable of performing a range of light work. Accordingly, the ALJ's decision is substantially supported in this regard.

### III. Conclusion and Recommendation

For the reasons explained herein, IT IS **RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE,** and **AFFIRMED,** and that this case be **CLOSED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT HILSON,                                    Case No. 1:17-cv-829

    Plaintiff,                                    Barrett, J.
                                                   Bowman, M.J.
       v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (61h Cir. 1981).